**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DAMON W. LINDSEY,                           ) <br>          Movant,     ) <br>                                     ) <br> vs.                                   ) <br>                                   ) <br> UNITED STATES OF AMERICA.     ) | 1:10-cv-604-SEB-TAB |

**Entry Discussing Motion for Relief Pursuant to 28**
**U.S.C. § 2255 and Denying Certificate of Appealability**

**I.**

      A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Damon Lindsey seeks such relief with respect to the revocation of his supervised release in No. 1:98-CR-095-001, wherein he was convicted through his plea of guilty of possession with intent to distribute cocaine. Because Lindsey has failed to demonstrate his entitlement to relief, his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** This conclusion is based on the following facts and circumstances:

      1.     In March 2008, Lindsay was released to a term of supervised release with respect to his drug conviction in No. 1:98-CR-095-001. Among the conditions of his supervised release was that Lindsey not commit another federal, state, or local crime. On March 27, 2008, Lindsey was charged in state court with burglary resulting in bodily injury, armed robbery, and battery by means of a deadly weapon. A petition was filed to revoke his supervised release. On June 3, 2008, a hearing was conducted before a United States Magistrate Judge on the revocation petition. The Magistrate Judge found that Lindsey had violated the terms of his supervised release and recommended to the district court judge that Lindsey's supervised release be revoked and that Lindsey be incarcerated for the full five year term of his supervised release. That recommendation was adopted and Lindsey's supervised release was revoked on July 25, 2008. Lindsey challenged the revocation on appeal. He challenged the understanding of the term to which he remained subject to revocation. Lindsey's challenge was rejected. *See United States v. Lindsey,* 331 Fed. Appx. 415 (7th Cir. 2010)(unpublished). He did not challenge the court's factual determination that he had violated the terms of his supervised release or the determination that he had committed the crimes alleged in the revocation petition.

2.  The filing of this action for relief pursuant to § 2255 followed. Lindsey seeks relief from the supervised release revocation decision based on his claims that (a) the proper standard of proof was not applied in determining whether he violated the terms of his supervised release, and (b) the revocation of his supervised release was improper where the state criminal charges that formed the basis of the supervised release violation were subsequently dismissed.

3.  The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted). Additionally, it must be noted that "[a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (emphasis in original).

4.  Lindsey's claims lack merit.

a.  Lindsey could have challenged the standard of proof used in the revocation proceedings in his appeal. He did not do so. His failure to do so constitutes his procedural default as to this claim. *See McCleese v. United States,* 75 F.3d 1174, 1177 (7th Cir. 1996). The effort to lay this failure at the door of his attorney fails here, because such a claim would require a showing of prejudice. *Wiggins v. Smith,* 539 U.S. 510, 521 (2003)("An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense."). (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). According to the provisions of 18 U.S.C. § 3583(e)(3), the burden of proof in a Violation of Supervised Release Hearing is "by a preponderance of the evidence." Any contrary argument would have been rejected in Lindsey's appeal, and Lindsey was not prejudiced by his attorney's failure to make a contrary argument. *Stewart v. Gilmore,* 80 F.3d 1205, 1212 (7th Cir. 1996) ("failure to raise such a meritless claim could not possibly constitute ineffective assistance of counsel").

b.  Lindsey's second claim was also available to be included and asserted in his direct appeal. It was not presented there. Lindsey has committed procedural default with respect to this second claim. He has not established circumstances permitting him to overcome the consequences of that default. Apart from his procedural default, or taking the matter in the context of asserted ineffective assistance of counsel, the claim lacks merit. The premise of Lindsey's second claim is that the revocation of his supervised release under the circumstances presented here is rendered improper because of the dismissal of the state charges based on his new criminal conduct. This premise is contrary to established law. *See United States v. Correa-Torres,* 326 F.3d 18, 20-21 (1st Cir. 2003).

5. Having thus considered the pleadings, the expanded record, and the parties' arguments, therefore, the court finds for the reasons explained in this Entry that Lindsey has failed to show that he is entitled to the relief he seeks and that his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Mr. Lindsey has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**


Date: 09/01/2010

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana